EUGENE GALLAHER, complainant,

*v.*

CHARLES C. VANAMAN, executor of the estate of Ezekiel Eldridge, deceased, defendant.

[Decided November 3d, 1930.]

*Mr. Dominic J. Novaria,* for the complainant.

*Mr. J. Roy Oliver,* for the defendant.

INGERSOLL, V. C.

The complainant contends that one Emma Gallaher Eldridge, the mother of the complainant, agreed with her husband, Ezekiel Eldridge, to devise to him a life estate in certain real estate owned by her, and also agreed to bequeath by her last will and testament all of her personal property, upon his agreement that by his last will and testament he would bequeath to her two sons all of his personal property, in equal shares.

That the said Emma Gallaher Eldridge departed this life testate, on January 29th, 1926, leaving her last will and testament, by virtue of which the said Ezekiel Eldridge became possessed of said life estate in said real estate and personal property, to the extent of approximately $2,900.

That the said Ezekiel Eldridge departed this life on or about December 27th, 1928, testate. In and by the terms of his will, the complainant and complainant's brother, Walter Gallaher, were not mentioned as beneficiaries in any capacity.

That the said Ezekiel Eldridge's estate approximated about $4,000, and prays that a decree be entered against the executor, compelling and directing him to specifically perform the agreement alleged to have been entered into between Emma Gallaher Eldridge and the said Ezekiel Eldridge, for the benefit of the complainant.

This case is to be distinguished from the case of Walter Gallaher against the same defendants, in which I sustained an alleged agreement between the said Emma Gallaher Eldridge and the said Walter Gallaher. That case, however, is not dispositive of the case *sub judice,* and the complainant has not carried that burden of proof necessary to sustain his contention.

I will advise a decree dismissing the bill.